UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE STATE OF IDAHO, IDAHO TRANSPORATION BOARD,<br><br>        Plaintiffs,<br><br>vs.<br><br>FRIENDS OF WEISER RIVER TRAIL, INC., and UNION PACIFIC RAILROAD COMPANY,<br><br>        Defendants. | Case Number: 1:12-cv-00456-EJL<br><br>**MEMORANDUM ORDER** |

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 6, 2012, Plaintiff, State of Idaho, Idaho Transportation Board ("ITB"), filed a Complaint in the District Court of the Third Judicial District of the State of Idaho. The complaint names the Friends of Weiser River Trail, Inc. ("FWRT") and Union Pacific Railroad Company ("Union Pacific") as Defendants. The Complaint sets forth a condemnation claim of a permanent easement to widen the current right-of-way for US 95 as it approaches the Weiser River Bridge from the north. ITB served the Complaint on both Defendants on August 7, 2012. Pursuant to 28 U.S.C. § 1446(a), the FWRT removed this action from state court following its Notice of Removal to United States District Court filed on September 5, 2012, and invoked this Court's jurisdiction on the basis of original jurisdiction under 28 U.S.C. § 1441(a). On October 1, 2012, ITB filed a Motion to Remand this matter to state court.

## DISCUSSION

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**Motion to Remand**

Under 28 U.S.C. § 1441(a), the district courts have removal jurisdiction over any claim that could have been brought in federal court originally. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 686-687 (9th Cir. 2007). The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).[1] The defendant also has the burden of showing that the procedural requirements for removal have been complied with. *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Ore. 2001). Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

---

[1] Defendant argued that *Prize Frize* may no longer be applicable. However, *Prize Frize* was superseded by statute on other grounds as stated in *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006), but that holding was limited to the Class Action Fairness Act so *Prize Frize* is still applicable to this matter.

In the Motion to Remand, ITB asserts that Defendant Union Pacific neither consented to nor joined in the Notice of Removal. Generally, all defendants in a state action must join in or consent to a notice of removal. 28 U.S.C. § 1446(b)(2)(A); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988). However, this general rule does not apply to "nominal, unknown, or fraudulently joined parties." *Emrich*, 846 F.2d at 1193 n.1. If fewer than all defendants join in the removal action, the removing party has the burden under 28 U.S.C. § 1446(a) to affirmatively explain the absence of the non-joining defendants in the Notice of Removal. *Prize Frize*, 167 F.3d at 1266. Absent such explanation, the removal notice is procedurally deficient and, if the deficiency is not cured within the thirty-day statutory period permitted for joinder, then removal is improper and remand is appropriate. *Id.*

FWRT does not dispute that Union Pacific did not join in or consent to removal, nor did FWRT offer an affirmative explanation for Union Pacific's absence in its Notice of Removal. Because FWRT failed to join all co-defendants, the burden was placed on FWRT to affirmatively explain Union Pacific's absence in its removal notice. FWRT failed to provide such an explanation and, thus, FWRT's Notice of Removal was procedurally defective. Accordingly, because Defendant's Notice of Removal was procedurally defective and the deficiencies were uncured within the thirty-day statutory period, removal was improper and the matter must be remanded.

The Court need not reach the issue of whether Union Pacific is a nominal party and/or was fraudulently joined to this lawsuit, as Defendant asserts in its Motion in Opposition to Plaintiff's Motion for Remand, because FWRT's removal is procedurally improper.

**Attorney Fees**

Pursuant to 28 U.S.C. § 1447(c), an order remanding the case may require payment of attorney fees incurred as a result of the removal. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In determining whether attorney fees are appropriate, district courts should consider whether the purpose of the removal was to prolong litigation and/or impose costs on the opposing party. *Id.* 28 U.S.C. § 1447(c) was not designed to penalize a party who had a reasonable arguable basis for seeking removal, but had a procedurally defective Notice of Removal.

In this case, the Court finds that FWRT had a "reasonably objective basis for seeking removal" and Plaintiff's request for fees and costs is **DENIED.**

## ORDER

Based on the foregoing, and being fully advised in the premises, **IT IS HEREBY ORDERED** that the Motion to Remand (Dkt. 6) is **GRANTED IN PART AND DENIED IN PART.** The above-entitled action is remanded to the District Court of the Third Judicial District of the State of Idaho, in and for the County of Washington, No. CV-2012-0835.

The request for attorney fees is **DENIED.** The Clerk shall mail a certified copy of this Order to the Clerk of the aforesaid Idaho state court.

**IT IS FURTHER ORDERED** that all remaining pending motions be resolved, if appropriate, by the state court.

DATED: May 28, 2013

Edward J. Lodge
United States District Judge